IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JODIE LOUIS BYERS, § | |
|     CID 1015962, § | |
|         PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:24-CV-1128-S-BK |
| § | |
| STATE OF TEXAS, ET AL., § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, the complaint should be **DISMISSED WITHOUT PREJUDICE** because venue is not properly laid in the Dallas Division of the Northern District of Texas.

Plaintiff brings this action against the State of Texas, Attorney General Ken Paxton, Tarrant County District Attorney Phil Sorrels, Assistant District Attorney Maxwell Appel, District Clerk Thomas A. Wilder, Judge Andy Porter, and Public Defender James Warren St. John, alleging constitutional violations stemming from his arrest and pending criminal prosecution in Tarrant County case number 1788819. He also complains of malpractice by the public defender in that case.

Based on Plaintiff's allegations, the events giving rise to his claims occurred in Tarrant County, Texas, within the geographical boundaries of the Fort Worth Division of this Court. 28

U.S.C. § 124(c)(2). Importantly, Plaintiff does not assert that any acts or omissions occurred within the geographical boundaries of the Dallas Division. Thus, venue is not properly laid here.

When venue is not proper, a court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a). *See also Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (concluding the district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice). In this instance, transfer to the appropriate division is not in the interest of justice. Considering the relative infancy of the case, the failure of the complaint to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), and the likelihood, based on Plaintiff's allegations, of this action being barred by the *Younger* abstention doctrine, the Court should apply its broad discretion to dismiss the complaint without prejudice to it being re-filed in the proper division.

Accordingly, Plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on June 6, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).